IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| KRISTEN M. VETERE, | ) |
| Plaintiff, | ) |
| v. | ) No. 5:23-CV-06001-DGK |
| MARTIN O'MALLEY, Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Kristen Vetere's application for Social Security disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of lumbar degenerative disc disease with sciatica status post remote compression fracture, degenerative joint disease of the knees, migraine headaches, pseudoseizure disorder, major depressive disorder, bipolar disorder, anxiety disorder, panic disorder, posttraumatic stress disorder, and attention-deficit/hyperactivity disorder. Nevertheless, the ALJ found she retained the residual functional capacity ("RFC") to perform light work with some restrictions, including work as an inserting machine operator, electronic sub assembler, and small parts assembler.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for disability insurance benefits on March 26, 2020, alleging a disability onset date of April 1, 2015. The Commissioner denied the application at the initial claim level and again upon reconsideration. Plaintiff appealed the denial to an ALJ. On November 3, 2021, the ALJ issued a decision finding Plaintiff was not disabled from April 1, 2015, to March 31, 2020 (her date last insured). The Appeals Council denied Plaintiff's request for review on August 25, 2022, leaving the ALJ's decision as the Commissioner's final decision. Judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The Court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is

2

not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ: (1) failed to consider all the medical evidence when evaluating Plaintiff's RFC; (2) failed to consider Plaintiff's mental impairments when evaluating Plaintiff's RFC; (3) failed to articulate the supportability and consistency factors when weighing the state agency consultants' opinions; and (4) posed an improper hypothetical to the vocational expert ("VE").

### I. The ALJ considered all the medical evidence when evaluating Plaintiff's RFC.

Plaintiff relies on one sentence of the ALJ's decision—that "the claimant's record contains minimal medical evidence from the years 2015 to 2018"—to conclude the ALJ failed to consider all of Plaintiff's mental health records, specifically her treatment with Paul Epp, M.D., when evaluating Plaintiff's RFC. R. at 28. This argument is meritless. The ALJ spent nearly three pages discussing Plaintiff's mental health evidence, including her treatment with Dr. Epp from 2015 to 2020, and its effect on Plaintiff's RFC. *See* R. at 29–31. Accordingly, this claim fails.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes his past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through step four of the analysis the claimant bears the burden of showing she is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

## II. The ALJ considered Plaintiff's mental impairments when evaluating Plaintiff's RFC.

Plaintiff argues the ALJ did not include her mental limitations in the RFC finding. This argument is both meritless and conclusory. The ALJ included multiple mental limitations in the RFC, e.g., that she could "understand, remember, and carry out detailed but not complex instructions for simple, routine, repetitive tasks, and can make simple, work-related decisions, in a routine environment with no more than occasional changes in the work duties;" she "should have no interaction with the public as part of the job duties;" and she "can tolerate no more than frequent and superficial interaction with co-workers." R. at 27 (RFC determination); *see* R. at 31–33 (citing the evidence considered). The ALJ also accounted for Plaintiff's mental limitations by limiting her to unskilled work at Step Five, which requires "little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). Plaintiff does not indicate what mental limitations the ALJ failed to include. *See Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012) (noting "the burden of persuasion to prove disability and demonstrate RFC remains on the claimant" (quotation omitted)). Accordingly, this claim fails.

## III. The ALJ properly articulated the supportability and consistency factors.

Plaintiff argues the ALJ did not evaluate the supportability and consistency of the state agency consultants' opinions.[2]

Since Plaintiff filed her application for disability in 2020, the new regulations apply. The new regulations require the ALJ to focus on the persuasiveness of a medical opinion using the

---

[2] Plaintiff concludes this argument by stating "the ALJ gave only conclusory reasons for rejecting the treating physicians' opinions, without discussing or citing evidence supporting these conclusions or acknowledging inconsistent or contrary evidence in the record he [sic] appeared to have rejected in reaching her conclusions[.]" Pl.'s Br. at 27, ECF No. 18. This conclusion is both inconsistent with Plaintiff's argument here—which has to do with supportability and consistency—and meritless. As best the Court can tell, Plaintiff is referring to Dr. Epp's opinions, and as indicated above, the ALJ spent a significant amount of time addressing Dr. Epp's treatment notes in evaluating Plaintiff's RFC.

4

following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors. 20 C.F.R. § 404.1520c(a)-(c). Supportability and consistency are the most important factors to consider, and an ALJ must explain how both of those factors are considered. 20 C.F.R. § 404.1520c(b)(2). An ALJ's failure to address either the consistency or supportability factor in assessing the persuasiveness of a medical opinion requires reversal. *See Bonnett v. Kijakazi*, 859 Fed. App'x. 19, 20 (8th Cir. 2021) (unpublished) (per curium) (reversing where ALJ evaluated supportability factor but not consistency factor). An ALJ need not explain how they considered the other factors. 20 C.F.R. § 404.1520c(b)(2). "An ALJ's reasoning need only be clear enough to allow for appropriate judicial review." *Grindley v. Kijakzai*, 9 F.4th 622, 631 (8th Cir. 2021).

The ALJ followed these regulations in finding the opinions of the state agency medical and psychological consultants persuasive. As for the state agency medical consultants, the ALJ noted they "supported their findings with a review of the available evidence and their expertise on the social security rules and regulations." R. at 32. Further, she found their reports consistent with evidence showing Plaintiff "had stable symptoms with medications as discussed above." *Id.* The medications "discussed above" include 2019 treatment notes indicating Plaintiff's low back pain and migraines were controlled with medication. *See* R. at 28–29, 536, 541–42, 551–53.

The ALJ also noted the state agency psychological consultants "supported their findings with the available evidence and their knowledge," R. at 32, and their findings were consistent with Plaintiff's mental status examinations and activities such as caring for her children, trimming trees, and working on her deck, R. at 33. The ALJ found their opinions persuasive except for the initial opinion[3] since it was vague and inconsistent with the record regarding Plaintiff's ability to follow

---

[3] The stage agency consultants provided opinions at the initial level, R. at 80–125, and again upon reconsideration, R. at 127–50.

instructions. R. at 32–33. While Plaintiff argues the state agency psychological consultants did not evaluate Dr. Epp's treatment notes prior to 2018, the ALJ adequately considered that evidence. *See* R. at 29–30. Even assuming, arguendo, this was an error, Plaintiff fails to "provide some indication that the ALJ would have decided differently if the error had not occurred." *Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012). Accordingly, any error is harmless and does not require remand. *See Grindley*, 9 F.4th at 629 (stating "reversal of an ALJ's decision is not required if an error was harmless").

**IV. The ALJ properly formulated the hypothetical question posed to the VE.**

Plaintiff argues the ALJ erred by failing to present her mental limitations to the VE, including "her marked limitations in performing work-related functions" and "her deficiencies of concentration, persistence and pace." Pl.'s Br. at 28, ECF No. 18. This argument is unavailing. "In posing a hypothetical question to the VE, an ALJ need only include those impairments and limitations supported by the record." *See Taghan v. Colvin*, No. 12-00293-CV-DGK-SS, 2014 WL 4185719, at *3 (W.D. Mo. Aug. 22, 2014) (citing *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006)). Here, the ALJ presented the VE with a hypothetical mirroring the RFC finding. In terms of mental limitations, the ALJ posed the following hypothetical:

> The hypothetical individual can understand or remember and carry out detailed but not complex instructions for simple, routine, repetitive tasks, and can make simple work-related decisions, in a routine environment, with no more than occasional changes in the work duties. The hypothetical individual should have no interaction with the public, as part of the job duties, and can tolerate no more that [sic] frequent and superficial interactions with coworkers.

R. at 75. Plaintiff fails to cite any record evidence supporting a more restrictive finding regarding Plaintiff's mental limitations. Accordingly, the ALJ presented the VE with a proper hypothetical.

6

**Conclusion**

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  January 19, 2024         /s/ Greg Kays
                                GREG KAYS, JUDGE
                                UNITED STATES DISTRICT COURT